# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. FLEMMING, | ) Case No.: 1:12-cv-01016-DLB (HC) |
| | ) |
| Plaintiff, | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) PREJUDICE, DIRECTING CLERK OF |
| vs. | ) COURT TO TERMINATE ACTION, AND |
| | ) DECLINING TO ISSUE A CERTIFICATE |
| UNKNOWN, | ) OF APPEALABILITY |
| | ) |
| Defendant | ) [Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on June 22, 2012.  Petitioner challenges a 2007 Tulare County conviction for voluntary manslaughter with use of a weapon and street terrorism.

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

1

I.      Improper Respondent

The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

In this case, Petitioner fails to name a respondent.  A Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  In most instances, the Court will provide the petitioner the opportunity to cure his defect by amending the petition to name a proper respondent; however, as explained below, because it is clear Petitioner failed to exhaust the state court remedies, the petition must be dismissed without prejudice.

II.     Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

1 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

2 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

3 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

4         A petitioner can satisfy the exhaustion requirement by providing the highest state court

5 with a full and fair opportunity to consider each claim before presenting it to the federal court.

6 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

7 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

8 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

9 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

10 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

11 Additionally, the petitioner must have specifically told the state court that he was raising a

12 federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood,

13 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial

14 court violated his due process rights "he must say so, not only in federal court but in state court."

15 Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

16         On the form petition, Petitioner indicates that he did not present his claims to the

17 California Supreme Court.  Accordingly, it is clear Petitioner failed to exhaust the state court

18 remedies, and the instant petition for writ of habeas corpus should be dismissed without

19 prejudice.

ORDER

21         Based on the foregoing, it is HEREBY ORDERED that:

22     1.     The instant petition for writ of habeas corpus is DISMISSED without prejudice;

23     2.     The Clerk of Court is directed to terminate this action; and

24     3.     The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c);

25 Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must

26

show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed without prejudice for failure to exhaust the state court remedies under 28 U.S.C. § 2254(b)(1).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

   Dated:   **July 16, 2012**                              /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE